**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee/
Cross-Appellant,

v.

LAURENCIO JIMENEZ-OLIVA, also
known as Cenovio Jimenez-Olivia,
also known as Jose Martinez, also
known as Francisco Martinez, also
known as Pancho,

    Defendant-Appellant/
Cross-Appellee.

Nos. 02-8053/02-8077

(D.C. No. 01-CR-131-05-J)
(D. Wyo.)

**ORDER AND JUDGMENT**

Before **HENRY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

A grand jury indicted Laurencio Jimenez-Oliva ("Laurencio") and his co-

defendants for various violations of Titles 8, 18, and 21 of the United States

Code. Laurencio's case, like his co-defendants' cases, arises from a conspiracy to

distribute controlled substances in Wyoming.[1] The Indictment charged Laurencio

---

[1] Decided and filed together with the companion cases of United States v.
Chavarin, Nos. 02-8052/02-8076, ___F.3d___ (10th Cir. 2003); United States v.
Topete-Plascencia, Nos. 02-8060/02-8078, ___F.3d___ (10th Cir. 2003); United
(continued...)

with (1) conspiracy to possess with intent to distribute, and to distribute, methamphetamine and cocaine, (2) distribution of methamphetamine and aiding and abetting the distribution of methamphetamine, and (3) unlawfully eluding examination and inspection by an immigration officer. Laurencio pled guilty to each count after plea negotiations with the Government failed. See United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 2 n.2, ___F.3d___, __ (10th Cir. 2003).

At the conclusion of a three day sentencing hearing, the district court found Laurencio's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was thirty six. The district court adjusted Laurencio's base offense level (1) upward by four levels for his aggravating role in the offenses, and (2) downward by three levels for timely acceptance of responsibility. With a final base offense level of thirty seven, and a criminal history category of I, the district court sentenced Laurencio to a term of 220 months imprisonment. See U.S.S.G. Chap. 5, Pt. A. Both Laurencio and the Government appeal the district court's final sentence. See 18 U.S.C. § 3742(a),(b). We have jurisdiction under 18 U.S.C. § 3742 and affirm.

---

[1](...continued)
States v. Montoan-Herrera, Nos. 02-8061/02-8079, ___F.3d___ (10th Cir. 2003).

2

I.

The facts of this case are set out in full in the companion case of <u>United States v. Chavarin</u>, Nos. 02-8052/02-8076, slip op. at 3-7, ___F.3d___, __ (10th Cir. 2003); <u>see</u> Fed. R. App. P. 3(b)(2).  In short, the evidence adduced at the sentencing hearing demonstrated that Laurencio and his co-defendants were involved in a conspiracy to distribute methamphetamine and cocaine in Casper, Wyoming.  The evidence indicated that the co-conspirators received substantial quantities of methamphetamine on a regular basis.  The co-conspirators stored, broke down, and distributed methamphetamine and cocaine in Casper for several months.  The majority of the co-conspirators were arrested, however, after selling or offering to sell several pounds of methamphetamine to the United States Drug Enforcement Administration ("DEA").

II.

On appeal, Laurencio challenges the district court's decision to adjust his base offense level upward four levels based on its finding that he was an organizer or leader in the conspiracy.  <u>See</u> U.S.S.G. § 3B1.1(a).  Laurencio argues the evidence presented at the sentencing hearing was insufficient to establish he exercised leadership or organizational control over his co-conspirators.  The district court found the "record [was] replete" with evidence to support a leadership enhancement for Laurencio.  (R. Vol. 7 at 612).  We review a district

court's factual findings supporting an adjustment pursuant to U.S.S.G. § 3B1.1 for clear error. United States v. Torres, 53 F.3d 1129, 1142 (10th Cir. 1995).

A.

The Guidelines' aggravating role adjustment provides, among other things, a four level upward adjustment on a defendant's base offense level if he was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(a). The Government has the burden of proving, by a preponderance of the evidence, the defendant exercised an organizational or leadership role over at least one participant in a criminal activity that involved five or more participants. United States v. Cruz Camacho, 137 F.3d 1220, 1224-25 (10th Cir. 1998); U.S.S.G. § 3B1.1 comment. (n.2).

Under § 3B1.1, a defendant may qualify for the adjustment as a "leader" if he directs other participants' activities, Cruz Camacho, 137 F.3d at 1224-25, or exercises some degree of control over other participants in the criminal activity. United States v. Bernaugh, 969 F.2d 858, 862-63 (10th Cir. 1992). A defendant may qualify for the adjustment as an "organizer" for "devising a criminal scheme, providing wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of [the] conspiracy, even though defendant may not have any hierarchical control over other participants." United States v.

4

Valdez-Arieta, 127 F.3d 1267, 1272 (10th Cir.1997). The Guidelines also encourage, but do not require, a district court to consider several other factors in determining an aggravating role enhancement.[2] Torres, 53 F.3d at 1143. Finally, the Guidelines recognize that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1 comment. (n.4).

### B.

The district court's finding that Laurencio's base offense level should be adjusted upward four levels for his leadership or organizational role in the offenses is not clearly erroneous. Five or more individuals were involved in the Casper conspiracy during the relevant time and, as the district court found, the record is replete with evidence that Laurencio was a leader and organizer of at least one of those participants.

The evidence introduced at the sentencing hearing demonstrated that Laurencio became the "boss" of the Casper drug organization in the summer of 2001. Laurencio directed Chavarin, Topete, and Delgado to deliver drugs on

---

[2] Those factors are: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. U.S.S.G. § 3B1.1 comment. (n.4).

several occasions. He supplied the wherewithal for storing, breaking down, and delivering the methamphetamine. Specifically, Laurencio befriended Delgado and used him to store drugs at his house, supplied scales used to weigh-out smaller quantities of drugs, paid the rent for an apartment where drugs were distributed, and was the common denominator in all the drug deliveries to the DEA. Further, Laurencio was the one who received money for the drugs at the DEA's controlled buys. Hence, the evidence clearly supports the district court's finding that Laurencio exercised a leadership or organizational role in the conspiracy to distribute methamphetamine and cocaine in Casper, Wyoming.

## III.

The Government cross-appeals the district court's decision to adjust Laurencio's sentence downward three levels for timely acceptance of responsibility. The Government argues that Laurencio is not entitled to the acceptance of responsibility adjustment because he falsely denied and frivolously contested his leadership role under U.S.S.G. § 3B1.1(a). We apply the November 1, 2001 Guidelines because they were in effect when Laurencio was sentenced. See United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 21 & n.7, ___F.3d___, __ (10th Cir. 2003). The district court found Laurencio was entitled to the acceptance of responsibility adjustment because he pled guilty and provided a factual basis for that plea. (R. Vol. 7 at 615). We review the district court's

6

finding for clear error.[3]  See Chavarin, Nos. 02-8052/02-8076, slip op. at 21 &

n.8, ___F.3d at ___.

The district court's finding that Laurencio was entitled to the acceptance of

responsibility adjustment under the Guidelines was not clearly erroneous.  We

reject the Government's assertion that Laurencio was not entitled to the

acceptance of responsibility adjustment because he objected to the aggravating

role adjustment at his sentencing hearing.  The Government bore the burden of

proving Laurencio was entitled to the leadership or organizer adjustment by a

preponderance of the evidence at the sentencing hearing.  See Cruz Camacho, 137

F.3d at 1224-25.  Therefore, Laurencio was entitled to put the Government to its

burden of proof.  See U.S.S.G. § 6A1.3 comment. (explaining that "[w]hen a

dispute exists about *any factor* important to the sentencing determination, the

court *must* ensure that the parties have an adequate opportunity to present relevant

information.") (emphasis added); United States v. Roberts, 14 F.3d 502, 521 (10th

Cir. 1993) (remanding because district court did not hold evidentiary hearing to

address defendants' objections).  That the Government ultimately proved

Laurencio was a leader or organizer at the hearing is irrelevant.  Laurencio's

objections were only intended to show the Government failed to carry its burden;

---

[3] We set forth the standards that control our disposition of this issue in the companion case of United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 22, ___F.3d___, __ (10th Cir. 2003), and need not repeat those standards here.

not to deny responsibility. Consequently, under our deferential standard of review, the district court's finding that Laurencio was entitled to a three level downward adjustment for his timely acceptance of responsibility was not clearly erroneous.

For the foregoing reasons, the district court's final sentence of Laurencio Jimenez-Oliva is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

8