F I L E D
United States Court of Appeals
Tenth Circuit

DEC 3 2003

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee/
       Cross-Appellant,

v.

ROBERTO MONTOAN-HERRERA,
also known as Roberto Monteon-Herrera,
also known as Roberto Herrera Jimenez,
also known as Beto,

       Defendant - Appellant/
       Cross-Appellee.

Nos. 02-8061 & 02-8079

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 01-CR-131-07-J)**

---

David A. Kubicheck, Assistant United States Attorney (Matthew H. Mead, United States Attorney and Patrick J. Crank, Assistant United States Attorney, on the brief), Casper, Wyoming, for Plaintiff-Appellee/Cross-Appellant.

Roberto Montoan-Herrera, pro se, Taft, California.

Lisa Barrett Quast, Cheyenne, Wyoming, for Defendant-Appellant in case no. 02-8079.

---

Before **HENRY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

_____

A grand jury indicted Roberto Montoan-Herrera ("Herrera") and his co-defendants for various violations of Titles 8, 18, and 21 of the United States Code. Herrera's case, like his co-defendants' cases, arises from a conspiracy to distribute controlled substances in Wyoming.[1] The Indictment charged Herrera with (1) conspiracy to possess with intent to distribute, and to distribute, methamphetamine and cocaine, (2) possession with intent to distribute methamphetamine, and (3) illegal re-entry of a previously deported alien into the United States. Herrera pled guilty to each count after plea negotiations with the Government failed. See United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 2 n.2, ___F.3d___, __ (10th Cir. 2003).

At the conclusion of a three day sentencing hearing, the district court found Herrera's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was thirty six. The district court adjusted Herrera's base offense level downward by three levels, apparently for his timely acceptance of responsibility. With a final base offense level of thirty three, and a criminal history category of III, the district court sentenced Herrera to a term of 168 months imprisonment. U.S.S.G. Chap. 5, Pt. A.

_____

[1] Decided and filed together with the companion cases of United States v. Chavarin, Nos. 02-8052/02-8076, ___F.3d___ (10th Cir. 2003); United States v. Jimenez-Oliva, Nos. 02-8053/02-8077, ___WL___ (10th Cir. 2003) (unpublished disposition); United States v. Topete-Plascencia, Nos. 02-8061/02-8079, ___F.3d___ (10th Cir. 2003).

Both Herrera and the Government appeal the district court's final sentence.[2] See 18 U.S.C. § 3742(a),(b). We have jurisdiction under 18 U.S.C. § 3742(e)(2). We affirm in part and remand for further proceedings.

## I.

The facts of this case are set out in full in the companion case of United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 3-7, ___F.3d___, __ (10th Cir. 2003); see Fed. R. App. P. 3(b)(2). In short, the evidence adduced at the sentencing hearing demonstrated that Herrera and his co-defendants were involved in a conspiracy to distribute methamphetamine and cocaine in Casper, Wyoming. The evidence indicated the co-conspirators received substantial quantities of methamphetamine on a regular basis. The co-conspirators stored, broke down, and distributed methamphetamine and cocaine in Casper. The majority of the co-conspirators were arrested, however, after selling or offering to sell several pounds of methamphetamine to the United States Drug Enforcement Administration ("DEA").

---

[2] Herrera's attorney filed a motion to withdraw from her representation of Herrera on the direct appeal of his sentence in case number 02-8061. See Anders v. California, 386 U.S. 738, 744 (1967) (providing that when counsel believes her client's claims are frivolous after a conscious examination of the record, she "should so advise the court and request permission to withdraw."); 10th Cir. R. 46.4(B)(1). For the reasons set forth below, counsel's motion to withdraw from case number 02-8061 is **GRANTED**. Herrera has proceeded pro se on direct appeal of his sentence. Counsel has represented Herrera in the Government's cross-appeal (case no. 02-8079).

At Herrera's change of plea hearing, he pled guilty to possession with intent to distribute over 500 grams of methamphetamine between the fall of 1999 and March 8, 2000. At that hearing, Herrera admitted to receiving multiple shipments of methamphetamine in amounts of up to fifty pounds at a time. During the sentencing hearing, the Government introduced evidence that Herrera and Jorge Contreras distributed approximately 200 pounds, or roughly ninety one kilograms, of methamphetamine. (R. Vol. 5 at 56-62, 128-29). At the end of the sentencing hearing, the district court found that the Government had proven by a preponderance of the evidence that Herrera distributed 120 kilograms of methamphetamine. (R. Vol. 7 at 665-66). The Government, however, stipulated it would only argue Herrera's relevant conduct was between five and fifteen kilograms. The district court assessed Herrera a base offense level of thirty six based on a finding of relevant conduct between five and fifteen kilograms. (Id. at 661)

II.

Herrera, proceeding pro se, challenges the district court's denial of a mitigating role adjustment and argues his trial counsel was ineffective. Both claims are meritless. First, Herrera argues the district court erred in failing to adjust his sentence downward because he was a minimal or minor participant in the conspiracy.[3] See U.S.S.G. § 3B1.2.

---

[3] In its presentence investigative report ("PSR"), the United States Probation Office ("Probation") concluded Herrera was not entitled to any adjustment for his role in
(continued...)

Considering the relevant conduct involved and the length of time Herrera was involved in the conspiratorial conduct, the district court found a downward adjustment for Herrera's alleged minimal participation would be "a mischaracterization" and "den[ied] the minimal participation or minimum role in this case[.]" (R. Vol. 7 at 670).

We set forth the standards that control our disposition of this issue in the companion case of United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 12-13, ___F.3d___, __ (10th Cir. 2003), and need not repeat those standards here. A minimal participant is a defendant "who is plainly among the least culpable of those involved in the conduct of a group." Id. § 3B1.2 comment. (n.4). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2 comment. (n.5).

The Government proved at the sentencing hearing, and the district court found, that Herrera distributed over one hundred more kilograms of methamphetamine than his co-defendants. Thus, Herrera is plainly among the *most* culpable of those involved in his

---

[3](...continued)
the offense. Herrera did not file any objections to that determination. See Fed. R. Crim. P. 32(f)(1). Nevertheless, at the conclusion of the sentencing hearing, Herrera's attorney raised the issue of a mitigating role adjustment because it was not until after "hearing everything that the government had to offer [was he] struck by the – minimal role his client [had] in the conspiracy." (R. Vol. 7 at 667) The district court considered this argument, allowed the Government to respond, and denied his request for a mitigating role adjustment. (R. Vol. 7 at 667-70).

group.  Hence, the district court's finding that he was not entitled to a minimal or minor participation adjustment was not clearly erroneous.

Second, Herrera argues for the first time on appeal that his trial counsel was ineffective in failing to advocate for a minimal or minor participation adjustment. Generally, we will not resolve an ineffective assistance of counsel claim on direct appeal when the claim has not been raised before the district court.  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  An exception to the rule exists when "the record is sufficient, or where the claim simply does not merit further factual inquiry." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993).  We will review Herrera's ineffective assistance of counsel claim on direct appeal because it does not merit further factual inquiry and the record is sufficient to address his claim.

To prevail on an ineffective assistance of counsel claim, the defendant must show (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Applying the first element of the Strickland test to a mitigating role adjustment, we have noted "an actual presentation by counsel of defendant's argument for an adjustment, although unsuccessful, would likely negate any claim of ineffective assistance of counsel."  United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999).  Applying the second element of the Strickland test to a mitigating role adjustment, we have held "whether the defendant was prejudiced by counsel's failure to request a § 3B1.2 adjustment depends on whether the

district court would have granted the request, a matter only the district court can decide." Id. at 404.

Herrera fails to satisfy the first element of the Strickland test because his trial counsel specifically requested an adjustment for Herrera's mitigating – minimal and minor – role in the offenses of conviction pursuant to § 3B1.2. (R. Vol. 7 at 667-68). Herrera fails the second element of the Strickland test because the district court denied his request for a mitigating role adjustment. (Id. at 670). Thus, Herrera's counsel's performance was not deficient, and even assuming it was, Herrera did not suffer any prejudice.

### III.

The Government cross-appeals the district court's decision to adjust Herrera's sentence downward three levels for timely acceptance of responsibility. The Government argues the district court made no "real findings whatsoever with regard to [Herrera] and merely reduced his offense by three levels, presumably based on acceptance of responsibility." We apply the November 2001 Guidelines that were in effect on the date Herrera was sentenced. See United States v. Chavarin, Nos. 02-8052/02-8076, slip op. at 21 & n.7, ___F.3d___, __ (10th Cir. 2003).

In sentencing Herrera, the district court established his base offense level at thirty six. The district court then stated "[t]he combined adjusted offense level is 36,

subtracting three levels, takes this matter to level 33." (R. Vol. 7 at 662).[4] In concluding,

the district court asked counsel if there was "[a]ny special finding you think I need to

make in regards to [Herrera]?" (R. Vol. 7 at 665). The Government did not ask the

district court to explain its three level downward adjustment.[5] We review an adjustment

of a defendant's base offense level under the Guidelines for clear error. See Chavarin,

Nos. 02-8052/02-8076, slip op. at 21 & n.8, ___ F.3d at ___; see also United States v.

Farrow, 277 F.3d 1260, 1263 (10th Cir. 2002).

When adjusting a defendant's base offense level under the Guidelines, a district

court "must make a finding that the requirements for the adjustment have been satisfied."

United States v. Underwood, 938 F.2d 1086, 1091 (10th Cir. 1991). In Underwood, we

were confronted with a situation where the district court simply stated the appropriate

Guideline range, referred to the accuracy of the PSR, and did not make a factual finding

---

[4] Based on the PSR, both the Government and Herrera assume the three level adjustment was for timely acceptance of responsibility. We will make the same assumption.

[5] We only address this issue because the Government preserved its objection to the acceptance of responsibility adjustment in the PSR. See Fed. R. Crim. P. 32(f)(1). The PSR provided that Herrera "was vague regarding his involvement in the conspiracy. However, his factual basis was accepted by the Court at the time of his Change of Plea, and so he meets the minimum threshold for acceptance of responsibility." (R. Vol. 9 at 17, 18). The Government objected to the inclusion of this adjustment because it did not "believe the defendant ha[d] demonstrated acceptance of responsibility, given his 'vague' responses to the Probation Officer." (Id. at 25). In addressing the objections, Probation noted that Herrera had given statements contrary to the acceptance of responsibility but nevertheless entered a timely plea of guilty and provided a factual basis for that plea. (Id. at 26). Ultimately, Probation concluded "[t]his is an unresolved objection issue that will have to be addressed at the time of sentencing." (Id.).

regarding the adjustment it assessed the defendant. We explained that, although the finding for an adjustment need not be particularized, a finding is necessary because without it we are left to speculate as to whether the district court applied the correct legal standard. Id. at 1091-92. In such a situation, we must remand for the district court to clarify its base offense level calculation. Id. at 1092.

Here, as in Underwood, the district court did not indicate why it adjusted Herrera's base offense level. The district court did not state what the adjustment was for nor did it make a finding that the requirements for the adjustment were satisfied. On appeal, we have assumed the adjustment was for timely acceptance of responsibility; however, we will not speculate as to why the district court granted the adjustment.[6] Our independent review of the record likewise sheds little light on the matter. We note that Herrera claimed he did "not remember very well" when asked to provide a factual basis for his

----

[6] In sentencing Herrera's co-conspirators, the district court found that they were entitled to the acceptance of responsibility adjustment because they had provided an adequate factual basis for their guilty pleas. At Miguel Virgen Chavarin's sentencing, for example, the district court stated that although the factual basis for the plea was "less than full and forthcoming, it would be the intention of the Court to give the defendant the benefit of . . . acceptance of responsibility." (R. Vol. 7 at 699). The district court then referenced a Guideline application note that supported its finding of acceptance of responsibility. (Id. at 699-700). Similarly, at Laurencio Jimenez-Oliva's sentencing, the district court stated that notwithstanding his "weak plea," it was granting the acceptance of responsibility adjustment because he pled guilty to the conspiracy charge and provided a sufficient factual basis for the plea. (Id. at 615). We held that these were sufficient "findings" because they were supported by the record.

pleas but ultimately agreed to the Government's version of the events. (See R. Vol. 3 at 39-41, 47-49).

Relying on a line of cases, Herrera argues a district court is not required to make factual findings when "adjustments" under the Guidelines are involved. See United States v. Caruth, 930 F.2d 811, 816 (10th Cir. 1991); United States v. Donaldson, 915 F.2d 612, 615-16 (10th Cir. 1990); United States v. Beaulieu, 900 F.2d 1531, 1535-36 (10th Cir. 1990); United States v. Maldonado-Campus, 920 F.2d 714, 717-18 (10th Cir. 1990). In those cases, however, we only considered the adequacy of the reasons given to support the district court's factual finding because the district court specifically found defendant was entitled to an adjustment. Caruth, 930 F.2d at 813-14 (noting the district court stated: "I'm going to adjust the total offense level to 18. I will find that he was a minor participant."); Donaldson, 915 F.2d at 615 n.1 (noting the district court stated: "I find that [defendant] was not a minor participant."); Beaulieu, 900 F.2d at 1535 (noting the district court, in discussing the obstruction of justice adjustment, stated: "And the Court believes that a defendant who testifies falsely at trial should be subject to an increased offense level."); Maldonado-Campos, 920 F.2d at 717 (noting the district court stated: "the Court is not persuaded that . . . [defendant] was a minimal participant. I think under the . . . guidelines, he was a minor participant . . . ."). Contrary to Herrera's assertion, we have never held "that the trial court [i]s not required to make any finding regarding the guideline adjustment." Underwood, 938 F.2d at 1091.

In Herrera's case, we are left to speculate as to why the district court granted the acceptance of responsibility adjustment. We cannot engage in meaningful appellate review without any factual findings regarding the adjustment in the record. Therefore, we must remand because we will not invade the fact-finding province of the district court nor speculate as to its reasoning.

We REMAND the case to the district court with instructions for the court to VACATE Roberto Montoan-Herrera's final sentence and to re-sentence him. On remand, the district court may incorporate by reference all of its other findings made in this case, which we have upheld, and make a finding regarding its subtraction of three levels from Herrera's base offense level. If, in light of our disposition of Herrera's co-defendants' cases, the district court concludes Herrera is not entitled to the acceptance of responsibility adjustment, it may so find and sentence him accordingly.

SO ORDERED.