**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HERBERT LEWIS, JR.,

    Defendant-Appellant.

No. 03-7037

(D.C. No. 02-CR-71-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **HARTZ,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Herbert Lewis, Jr., appeals his convictions for two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and the 240-month concurrent sentences imposed. We exercise jurisdiction pursuant to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 1291 and affirm.

Count One arose out of a traffic stop that occurred on February 9, 2002, in Bryan County, Oklahoma, while Lewis and a companion (Sherman Brown) were transporting a large quantity of cocaine base to Tulsa. Count Two arose out of Lewis' subsequent arrest on April 17, 2002, in Okmulgee County, Oklahoma, for possession of a separate quantity of cocaine base. In finding Lewis guilty on both counts, the jury specifically found with respect to Count One that Lewis was in possession of more than 50 grams of a mixture or substance containing cocaine base.

Counsel for Lewis has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. In response, Lewis has filed a pro se brief identifying additional issues for appeal. Anders holds that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Upon receiving an Anders brief and the defendant's response thereto, we are required to conduct "a full examination of all the proceedings" in order "to decide whether the case is wholly frivolous." Id.

The Anders brief filed by Lewis' counsel identifies three potential appellate issues: (1) whether the district court erred in denying Lewis' motion to suppress evidence obtained during the February 9, 2002, traffic stop; (2) whether the evidence presented at trial was sufficient to support Lewis' convictions; and (3) whether Lewis' trial counsel was ineffective for failing to present the testimony of Sherman Brown, who allegedly

2

would have testified that Lewis knew nothing about the cocaine base seized during the traffic stop. After a thorough review of the record, we agree that these issues are without merit.

The record amply supports the district court's conclusion that the seizure of drugs during the traffic stop was constitutionally valid. More specifically, the record supports the court's conclusions that (1) Lewis and Brown were stopped lawfully for a traffic violation; (2) because Brown did not have a driver's license, the trooper executing the stop was justified in questioning Lewis to determine if he had a valid driver's license; (3) Lewis lawfully was detained while the trooper verified the validity of his driver's license; and (4) Lewis voluntarily abandoned the cocaine base by throwing it out the window of the vehicle. As for the sufficiency of the evidence issue, a review of the record indicates the evidence presented by the government overwhelmingly demonstrated Lewis' dominion and control over the separate quantities of cocaine base seized on February 9, and April 17, 2002.

Although we typically decline to entertain ineffective assistance claims on direct appeal, we will address this claim in this case because the claim identified was rejected on the merits by the district court, does not merit further factual inquiry, and indeed is patently frivolous. See United States v. Montoan-Herrera, 351 F.3d 462, 465 (10th Cir. 2003). Lewis' allegations that Brown would testify that he knew nothing about the cocaine base seized during the traffic stop are contrary to Brown's post-arrest statements

3

to law enforcement authorities and are belied by Lewis' post-arrest statements in which he admitted knowledge of and involvement with the cocaine base, as well as a videotape of the traffic stop that showed Lewis throwing the cocaine base out the window of the vehicle. The decision by Lewis' trial counsel not to subpoena Brown to testify at trial was objectively reasonable and, in any event, did not prejudice Lewis.

Lewis identifies three additional issues. First, he contends the special interrogatory submitted by the trial court to the jury, asking it to determine whether "Count One involved in excess of fifty (50) grams or more of a mixture or substance containing cocaine base," ROA, Doc. 33, effectively amended the indictment. Lewis asserts Count One merely alleged the existence of "a detectable amount of cocaine base," Pro Se Response Br. at 4, whereas the special interrogatory referred to a much larger quantity. Lewis interprets the reference to "detectable amount" to mean that "[n]o specific amount of cocaine base was ever alleged and/or stated in the indictment." Id. Lewis reads the phrase "detectable amount" in isolation. Viewed in its entirety, Count One alleged that Lewis possessed with intent to distribute "227.6 grams or more of a mixture or substance containing a detectable amount of cocaine base." ROA, Doc. 1. Because Count One alleged possession of a specific amount of cocaine, far in excess of 50 grams, there is no merit to the assertion that the special interrogatory amended the indictment.

Second, Lewis contends there was insufficient evidence to support the jury's

4

finding that Count One involved more than 50 grams of cocaine base. Lewis notes the lab report pertaining to the drugs seized on February 9, 2002, referred to "cocaine" rather than "cocaine base." Although Lewis acknowledges that Drew Fout, the drug analyst who tested the drug, confirmed at trial that the drugs contained cocaine base, he complains that Fout failed to specifically "[attest] to the actual amount of cocaine base." Pro Se Response Br. at 6. Fout testified at trial that his laboratory tests differentiated between cocaine and cocaine base and that the drugs tested positive for cocaine base. Based upon this testimony, the jury reasonably could have found the entire quantity of drugs seized on February 9, 2002, contained cocaine base.

Third, and relatedly, Lewis contends the district court erred in calculating his base offense level under U.S.S.G. § 2D1.1 because the court treated all of the drugs at issue as containing cocaine base. We reject this contention for the reasons previously stated.

AFFIRMED. Counsel's motion to withdraw is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge