**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ANGEL CONTRERAS-CASTELLANOS,

  Defendant - Appellant.

No. 05-8095
(D.C. No. 04-CV-129-J)
(D.C. No. 01-CR-131-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Contreras-Castellanos appeals the district court's dismissal of his § 2255 motion asserting two ineffective assistance of counsel claims. We AFFIRM.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Contreras-Castellanos was indicted along with eight others on various charges involving the distribution of controlled substances. Specifically, Contreras-Castellanos was charged with: (1) one count of conspiracy to possess with intent to distribute, and to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846; (2) one count of distribution and aiding and abetting in the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and 18 U.S.C. § 2; and (3) one count of illegal re-entry by a deported alien, in violation of 8 U.S.C. § 1326(a)(2). He pleaded guilty to illegal re-entry but went to trial on the remaining two counts. Despite his trial testimony that he was not involved in the drug trafficking activities, the jury found him guilty on the conspiracy count. They did, however, acquit him on the distribution count. The district court sentenced Contreras-Castellanos to 188 months on the conspiracy count and a concurrent twenty-four months on the illegal re-entry count. On direct appeal, this court affirmed his conviction. United States v. Contreras-Castellanos, 56 F. App'x 904 (10th Cir. 2003).

Contreras-Castellanos later filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued two errors in the proceedings below, both grounded in the theory of ineffective assistance of counsel: first, that his counsel failed to explain to him how the concept of "relevant conduct" was applied in a conspiracy case; and second, that his counsel failed to explain how

certain portions of the United States Sentencing Guidelines could have applied in his case. The district court denied his motion, determining Contreras-Castellanos failed to show that his counsel's performance was constitutionally deficient and that, even assuming he had, he did not show that he was prejudiced.

We granted Contreras-Castellanos's request for a certificate of appealability ("COA") on both of his ineffective assistance claims.

## DISCUSSION

When considering the denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. United States v. Orange, 447 F.3d 792, 796 (10th Cir. 2006).

> A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo. In order to establish a successful claim for ineffective assistance of counsel, [a defendant] must show (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense, depriving him of a fair trial with a reliable result.

Id. (citations omitted). Further, "[t]o prove deficient performance, [a defendant] must show counsel's representation fell below an objective standard of reasonableness." Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002). And "[t]o establish prejudice, [he] must show that, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different." Id. Finally, a defendant must establish both prongs in order to

succeed on his claim; thus, "a failure to prove either one is dispositive." Orange, 447 F.3d at 796-97.

We conclude that, even assuming that counsel's performance was deficient, Contreras-Castellanos has failed to meet his burden to establish prejudice on either claim.

## I. Ineffective Assistance Based On Counsel's Failure To Explain "Relevant Conduct" In A Conspiracy Case

Contreras-Castellanos argues that his attorney advised him that, were he found guilty of conspiracy, he would be held responsible for only the 948 grams of drugs confiscated by the government during its drug investigation. He claims he was never informed that he could be held accountable for the 9.27 kilograms involved in the larger conspiracy. He further contends that, had he understood the potential sentence he was facing, he would not have proceeded to trial.

Even assuming that counsel's performance was constitutionally deficient,[1] Contreras-Castellanos has failed to demonstrate prejudice. As noted, Contreras-Castellanos argues that, had he known about the proper application of the

---

[1] Both the district court and the government rely on our decision in United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993), to argue that counsel's failure to predict a client's sentence accurately does not rise to the level of deficient performance. However, failing to predict a sentence correctly is not the same as failing to understand the mechanics of the sentencing guidelines (the issue alleged here). See United States v. McCoy, 215 F.3d 102, 108 (D.C. Cir. 2000) ("[N]ot every error made in applying the Guidelines amounts to deficient performance . . . but . . . 'familiarity with the structure and basic content of the Guidelines . . . has become a necessity for counsel who seek to give effective representation.'") (quoting United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992)).

"relevant conduct" guideline, he would have pleaded guilty and not gone to trial. However, as the government points out, the defendant provides no evidence or argument that the relevant conduct attributed to the defendant would have changed based on a guilty plea. The defendant was assessed 9.27 kilograms of methamphetamine in the PSR, meaning he fell into the drug quantity range of "[a]t least 5 KG but less than 15 KG," which results in a base offense level of 36. His co-conspirators—each of whom did plead guilty—were assessed the same base offense level. See United States v. Montoan-Herrera, 351 F.3d 462, 463 (10th Cir. 2003); United States v. Topete-Plascencia, 351 F.3d 454, 456 (10th Cir. 2003); United States v. Jimenez-Oliva, 82 F. App'x 30, 32 (10th Cir. 2003) (unpublished); United States v. Virgen-Chavarin, 350 F.3d 1122, 1126 (10th Cir. 2003). Thus, as there is nothing to suggest that Contreras-Castellanos would have faced a lower base offense level had he pleaded guilty (upon a correct understanding of the relevant conduct calculation), he has failed to meet his burden of showing "a reasonable probability the result of the proceeding would have been different." Sallahdin, 275 F.3d at 1235.

## II. Ineffective Assistance Based On Counsel's Failure To Explain Sentencing Guidelines' "Safety Valve" Reduction

Contreras-Castellanos also argues that his counsel was ineffective for failing to explain the so-called "safety valve" provision of the sentencing guidelines." If a defendant meets certain criteria, including (as relevant here)

"truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense" before the sentencing hearing, he is entitled to a two-level reduction in his base offense level, even if the reduction results in a sentence below the statutory mandatory minimum. 18 U.S.C. § 3553(f)(1)-(5); <u>see also</u> U.S.S.G. §§ 2D1.1 and 5C1.2.[2] Contreras-Castellanos claims that, had counsel explained this provision to him, he would have "provided

---

[2] Specifically, a defendant must satisfy the following requirements:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)-(5).

a complete and truthful disclosure as to all the facts required to meet the statutory requirements."[3]

Even if this counsel's action was constitutionally deficient, Contreras-Castellanos has not shown how he was prejudiced by the lack of opportunity to attempt to qualify for the reduction. Contreras-Castellanos does not explain _what_ information he would have disclosed in order to satisfy the provision. Even so, he would have had to disclose one of two things; either (1) that his testimony during trial was accurate and he did not participate in or know about the drug trafficking scheme; or (2) that he did not tell the truth during trial and he was, in fact, involved in the conspiracy. Neither confession, _per se_, disqualifies him from the reduction. _See_ 18 U.S.C. § 3553(f)(5) ("[T]he fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."); United States v. Jeffers, 329 F.3d 94, 99 (2d Cir. 2003) (noting that a defendant's perjury does not disqualify him from the safety valve reduction if he "comes clean" before sentencing). However, under either approach, Contreras-Castellanos has not shown a "reasonable probability the result of the proceeding would have been different." Sallahdin, 275 F.3d at 1235.

---

[3] He does not argue that counsel incorrectly explained or failed to understand the provision; only that counsel failed to make him aware of it.

Although Contreras-Castellanos claimed at trial that he was not involved in the drug trafficking activities, the jury found Contreras-Castellanos guilty of conspiracy; on direct appeal, we affirmed that there was sufficient evidence to support this verdict. Contreras-Castellanos, 56 F. App'x at 906-07. In light of this, had Contreras-Castellanos attempted to qualify for the reduction by maintaining his innocence, there is simply no reasonable probability that the court would have found that he had met his burden of "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5); see also Virgen-Chavarin, 350 F.3d at 1129 (noting that it is the defendant's burden to prove, by a preponderance, that he has satisfied each criterion).

If, on the other hand, Contreras-Castellanos attempted to qualify for the safety valve reduction by admitting that he was involved in the conspiracy, he would have exposed himself to a two-level sentencing enhancement for obstruction of justice. U.S.S.G. § 3C1.1. We have no reason to think that such an enhancement would not have been sought and applied. See Jeffers, 329 F.3d at 99 (noting that where a defendant perjures himself at trial but then "comes clean" before sentencing, he is not disqualified from the safety valve reduction but his "perjury is accounted for in the enhancement for obstruction of justice under U.S.S.G. § 3C1.1."). Thus, even if Contreras-Castellanos received the two-point reduction under the safety valve, there is no reasonable probability that he would

not have also received a two-point <u>enhancement</u> for obstruction.

In short, as we cannot conclude that Contreras-Castellanos would have faced a lower sentence under either scenario, he has not met his burden to show that counsel's failure to inform him of the safety valve provision, even if deficient, caused him prejudice.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Contreras-Castellanos's § 2255 motion.[4]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4] Contreras-Castellanos also contends that the district court should have held an evidentiary hearing to properly evaluate his § 2255 motion. The district court found that the record "conclusively illustrate[d]" that Contreras-Castellanos was not entitled to relief, and therefore declined to hold an evidentiary hearing. Contreras-Castellanos's only argument on appeal is that such a hearing would have clarified whether he was acting on his counsel's advice by pleading not guilty and maintaining his innocence throughout trial. However, this issue is not relevant to our disposition of the case. We therefore agree with the district court that no hearing was necessary, as the record "conclusively show[s] that the prisoner is entitled to no relief." <u>United States v. Kennedy</u>, 225 F.3d 1187, 1193 (10th Cir. 2000).