**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

HERBERT LEWIS, JR.,

        Defendant - Appellant.

No. 08-7019
(D. Ct. No. 6:06-CV-00028-JHP)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Herbert Lewis, Jr., a federal prisoner proceeding pro se,

seeks a certificate of appealability ("COA") to appeal from the district court's denial of

his habeas corpus petition brought under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1) (a

petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is

issued).[1] Because Mr. Lewis has failed to make "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000), we DENY a COA and dismiss the appeal.

---

[1]Mr. Lewis did not file a timely appeal. Rather, he filed an application for COA,
which we construe as the functional equivalent of a notice of appeal. *See Martin v. Rios*,
472 F.3d 1206, 1207 (10th Cir. 2007).

In 2002, Mr. Lewis was charged with two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). The actions that formed the basis for Count 1 came about when Mr. Lewis and his companion, Sherman Brown, were stopped in Oklahoma while transporting a large quantity of cocaine to Tulsa. Count 2 arose from Mr. Lewis's arrest several months later for possession of an unrelated quantity of cocaine base.

Count 2 of the indictment originally charged that Mr. Lewis "did knowingly and intentionally possess with intent to distribute 56.6 grams or more . . . of cocaine base." The government filed a motion to redact the indictment, however, seeking to remove the reference to a specific drug quantity. Mr. Lewis's attorney did not object to the redaction and the court granted the motion.

Following a jury trial, Mr. Lewis was convicted on both counts. Mr. Lewis filed a direct appeal, and we affirmed the jury's verdict on May 18, 2004. *See United States v. Lewis*, 97 F. App'x 875 (10th Cir. 2004) (unpublished). Mr. Lewis then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The district court denied relief and did not issue Mr. Lewis a COA.

In order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Mr. Lewis cannot meet this standard.

Mr. Lewis contends that his counsel was constitutionally ineffective because he failed to: (1) interview and subpoena Mr. Brown; (2) object to the Presentence Investigation Report's (PSR) use of crack cocaine rather than powder cocaine in calculating the sentence; (3) object to the redaction of the drug quantity from Count 2 of the indictment.[2]

We already considered on direct appeal whether Mr. Lewis's counsel was ineffective for failing to present the allegedly exculpatory testimony of Mr. Brown.[3] We held that his counsel's decision "not to subpoena Brown to testify at trial was objectively reasonable and, in any event, did not prejudice Lewis." *See Lewis*, 97 F. App'x at 877. Because we already addressed and disposed of this claim, we will not consider it again. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (holding that defendant could not raise issues in a § 2255 motion that were "previously considered and disposed of" on direct appeal).

Second, on direct appeal we held that the district court did not err in treating all of the drugs as containing cocaine base when calculating Mr. Lewis's base offense level

---

[2]Mr. Lewis also made various other arguments before the district court that he does not renew on appeal.

[3]While we normally do not consider ineffective assistance claims on direct appeal, we addressed Mr. Lewis's claim because it was "identified and rejected on the merits by the district court" and was indeed "patently frivolous." *Lewis*, 97 F. App'x at 877.

under § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *Lewis*, 97 F. App'x at 878. As we previously pointed out on direct appeal, a drug analyst testified that the drugs seized tested positive for cocaine base. *See id.* Under these circumstances, Mr. Lewis's counsel was not ineffective in failing to object to the PSR's use of cocaine base in calculating his sentence.

Finally, Mr. Lewis contends that his counsel was ineffective for failing to object to the redaction of the drug quantity in Count 2 of the indictment. We note, first, that Mr. Lewis's Fifth and Sixth Amendment rights were not violated by the redaction because drug quantity was not a required element of the offense under § 841(a)(1). *See United States v. Thompson*, 237 F.3d 1258, 1262 (10th Cir. 2001). Moreover, even if we were to assume that counsel erred in failing to object to the redaction, Mr. Lewis has failed to demonstrate he suffered prejudice as a result. He contends that he was prejudiced by the redaction because the PSR "inserted a drug amount attributable to [Count 2], and that figure was used in [the] calculation of [Mr. Lewis's] sentence." As the district court noted, however, the PSR combined 9.7 grams of cocaine base associated with Count 2 with the 182.676 grams associated with Count 1 to determine his base offense level. The PSR set the base offense level at 34 based on an offense that involved at least 150 grams of cocaine base but less than 500 grams. Even if the amount used in connection with Count 2 were omitted, Mr. Lewis would still have received a base offense level of 34. Accordingly, he has not demonstrated that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.

Reasonable jurists could not debate that Mr. Lewis has failed to present a claim he was denied his Sixth Amendment right to the effective assistance of counsel. We therefore DENY his application for a COA on this issue.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge