Manuel CERVANTES, Appellant,

v.

Harold A. COX, Warden, New Mexico
State Penitentiary, Appellee.

No. 8192.

United States Court of Appeals
Tenth Circuit.

Sept. 15, 1965.

John W. Carey, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of New Mexico denying appellant's petition for a writ of habeas corpus. Appellant, a Mexican national, was originally charged with first degree murder and is presently serving a sentence imposed by the New Mexico state court after acceptance of a plea of guilty to second degree murder. He alleges that he was denied several federal constitutional rights in the state court proceedings, each such claim springing from the contention that he could not and did not understandingly communicate with his appointed counsel because of the existence of a language barrier.

Although we have no doubt that under extreme circumstances the inability of an accused to communicate with his counsel may deny to him the right to effective representation and actually result in the entry of a plea without understanding we do not find the case at bar to be of such nature. There is no constitutional right, as such, requiring the assistance of a court-appointed interpreter to supplement the right to counsel. Nor is there a duty to an accused to furnish counsel who can communicate freely with the accused in his native tongue. The existence of a language barrier between counsel and client is merely one circumstance probing the questions of whether the accused has been adequately represented by counsel and has voluntarily and knowingly entered his plea.

Here, the trial court, rejecting the credibility of appellant's present testimony, found as a fact that appellant had a sufficient knowledge of the English language to be completely aware of

all of the proceedings in the state court. The finding is amply supported by the transcript of the state arraignment where the following occurred, all in the English language:

"THE COURT: Are you prepared to enter a plea at this time?

MR. CERVANTES: I would like to find out what is the charge before I plea.

THE COURT: Well, the Court's been informed by Mr. Durrett, one of your attorneys, and Mr. Wilkinson is the other one, and the Assistant District Attorney that you wanted to enter a plea to a charge of murder in the second degree. Now, is that correct?

MR. CERVANTES: I do.

THE COURT: Very well, Mr. Garza, do you want to make a motion?

\* \* \* \* \* \*

THE COURT: Now are you prepared to enter a plea at this time?

MR. CERVANTES: Yes:

THE COURT: The Court has appointed two attorneys to represent you, and they have asked that they have time to consult with you, and I presume they have. Are you satisfied with their representation?

THE WITNESS: Yes.

THE COURT: Do you know of any reason why this Court should not sentence you at this time?

MR. CERVANTES: No, I don't think so.

THE COURT: And you want to enter a plea of guilty to a charge of murder in the second degree, is that correct?

MR. CERVANTES: Yes.

THE COURT: Do you have anything to say before the Court passes sentence?

MR. CERVANTES: No, sir."

Appellant's independent inquiry as to the charge to which he was to plead in-

dicates an understanding that it was to be a reduced charge and that he had the ability to communicate both with the court and with his counsel.

Affirmed.