The judgments of conviction are reversed and the case is remanded for a new trial.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALFREDO PEREZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 1, 1968—Decided April 23, 1968.

Before Judges GAULKIN, LEWIS and KOLOVSKY.

*Miss Cynthia M. Jacob,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Peter Murray,* Public Defender, attorney; *Mr. Richard Newman,* Deputy Public Defender, of counsel).

*Mr. Solomon Forman,* Assistant Prosecutor, argued the cause for respondent (*Mr. Robert N. McAllister, Jr.,* Atlantic County Prosecutor, attorney; *Mr. Ernest M. Curtis,* of counsel and on the brief).

PER CURIAM. This is an appeal by defendant Alfredo Perez from a conviction of first degree murder. He was sentenced to life imprisonment upon the jury's recommendation. Defendant contends (1) the verdict was against the weight of the evidence, (2) his motion for acquittal at the close of the State's evidence should have been granted, (3) he was denied the effective assistance of counsel, and (4) the trial court committed plain error in its charge to the jury.

We have studied the record and find nothing of substance in any of those arguments.

■ There is ample evidence from which a jury could determine that defendant, while a patron at a tavern, had fired three shots from a .32 caliber revolver, one of which struck the victim, Jose Delgado, in the back causing his death, and that the essential elements of premeditation, deliberation and willfulness were present. Note, *State v. Coleman,* 46 *N. J.* 16, 44–45 (1965), *certiorari* denied 383 *U. S.* 950, 86 *S. Ct.* 1210, 16 *L. Ed. 2d* 212 (1966); *State v. Anderson,* 35 *N. J.* 472, 499 (1961).

■ The trial court properly denied defendant's motion, at the end of the State's case, to dismiss the charge of murder in the first degree for alleged lack of evidence of premeditation and deliberation. As stated in *State v. Peterson,* 10 *N. J.* 155, 163 (1952), "The weapon used, time consumed and circumstances of the killing may support an inference of deliberation and premeditation." See also *State v. Beard,* 16 *N. J.* 50, 61 (1954); *State v. O'Connor,* 42 *N. J.* 502, 509-510 (1964), *certiorari* denied 379 *U. S.* 916, 85 *S. Ct.* 268, 13 *L. Ed. 2d* 187 (1964).

■ It is argued that defendant, a Puerto Rican, was denied the effective assistance of counsel because the trial judge refused to appoint, in addition to the interpreter pro-

vided to translate the testimony of Spanish-speaking witnesses, a second translator to facilitate communications between defendant and his trial counsel. We note that the trial judge observed that the only time the court-appointed interpreter would not be with the defendant "is if we had to use her for another witness who may be testifying * * * then of course she would have to not only interpret for the witness, but will have to interpret for the defendant." In *Cervantes v. Cox,* 350 *F.* 2d 855 (10 *Cir.* 1965), the court stated, "There is no constitutional right, as such, requiring the assistance of a court-appointed interpreter to supplement the right to counsel." A language barrier between counsel and client "is merely one circumstance probing the questions of whether the accused has been adequately represented by counsel." *Ibid.* Accord, *Orosco v. Cox,* 359 *F.* 2d 764, 765 (10 *Cir.* 1966). Here defendant fails to point to a single instance where a desired communication with his attorney was rendered ineffectual as the result of the court's ruling, or to any circumstance indicating that his understanding of the proceedings was impaired to his detriment. There is nothing before us to indicate that defendant's trial was not fair and impartial or that he was in any way prejudiced.

When considered in its entirety, the trial court's charge to the jury was reasonably clear and accurate. Any confusion with respect to the challenged portion of the instructions was eliminated when the trial court, after sidebar conference, supplemented its charge by defining "premeditated," "deliberate" and "willful" killing in the language of *State v. DiPaolo,* 34 *N. J.* 279, 294-295 (1961), *certiorari* denied 368 *U. S.* 880, 82 *S. Ct.* 130, 7 *L. Ed.* 2d 80 (1961). We perceive no error, much less plain error.

Affirmed.