**Howard Leonard STEVENS, Appellant,**

**v.**

**Ray H. PAGE, Warden, Appellee.**

**No. 152–69.**

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1969.

---

**934**

John A. Claro, Oklahoma City, Okl. (Barefoot, Moler, Bohanon & Barth, Oklahoma City, Okl., of counsel, were with him on the brief) for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., was with him on the brief) for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

Petitioner, a deaf-mute, is presently serving state sentences totalling 35 years imposed after entries of guilty to serious state crimes. He appeals from an order entered by the United States District Court for the Western District of Oklahoma, after a full evidentiary hearing, denying relief by habeas corpus sought under 28 U.S.C. § 2254. He asserts that his disability coupled with the undisputed fact that he was not afforded an interpreter by the sentencing court [1] resulted in the denial of his sixth amendment right to the effective assistance of counsel both as a matter of law and fact. He also asserts that because of a failure to effectively communicate with court and counsel he entered pleas of guilty with the mistaken understanding that he would receive a sentence of seven and one-half years rather than the much longer term imposed. The trial court held petitioner's contentions to have no merit in law or fact. We affirm.

This court has had earlier occasion to set forth applicable guidelines in cases involving communication problems arising under almost identical circumstances as in the case at bar. In Cervantes v. Cox, 10 Cir., 350 F.2d 855, a language-barrier case, we stated:

> Although we have no doubt that under extreme circumstances the inability of an accused to communicate with his counsel may deny to him the right to effective representation and actually result in the entry of a plea without understanding we do not find the case at bar to be of such nature. There is no constitutional right, as such, requiring the assistance of a court-appointed interpreter to supplement the right to counsel. Nor is there a duty to an accused to furnish counsel who can communicate freely with the accused in his native tongue. The existence of a language barrier between counsel and client is merely one circumstance probing the questions of whether the accused has been adequately represented by counsel and has voluntarily and knowingly entered his plea. *Id.*

In the instant case communication between petitioner and his counsel and between petitioner and the sentencing court was accomplished by submitting written questions to petitioner who answered such questions in his own handwriting. Petitioner initiated questions of his own and received written answers in return. The trial court found, and the record

---

1. Oklahoma has subsequently provided by statute for the services of an interpreter for deaf-mutes. Okla.Stat.Ann. tit. 22, § 1278(a) (1958).

well supports the finding, that communication between petitioner and his counsel was full and effective.

There is nothing in the record to support petitioner's claim that he entered his pleas of guilty on the understanding that he would receive a sentence of seven and one-half years. To the contrary the sentencing court informed petitioner by written question:

Q. Before you enter your plea, do you understand that this is a serious offense and may be punished by imprisonment in the penitentiary for any number of years, even 50 or 60 years, and it may not be less than 10 years in this case, and that it is up to the judge to fix the sentence?

A. Yes. (Petitioner's handwriting).

The record further reveals that petitioner was informed that the prosecution would recommend a 35-year sentence. Such recommendation was made to the court and was followed by the court.

Affirmed.