**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ABEL SAENZ,

Defendant-Appellant.

No. 03-1317
(D.C. Nos. 03-M-980 and
99-CR-317-M)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **ANDERSON**, and **BRISCOE**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Abel Saenz, a federal prisoner appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

correct his sentence. Saenz contends that the district court erred in ruling that his issues had been raised and decided on direct appeal. This court granted an application for a certificate of appealability and we now affirm in part and reverse in part.

## I.

Saenz and three co-defendants were charged with federal drug crimes. Saenz entered into a plea agreement under which he pled guilty to conspiracy to distribute or possess with intent to distribute 500 or more grams of cocaine. The plea agreement indicated that, under the tentative computation of his criminal history, the estimated offense level could result in a sentencing range of 46 to 115 months and that the career criminal offender adjustment under USSG § 4B1.1 did not apply. [1] The agreement also stated that it was "not conditioned on the defendant being in a particular history category," R., Vol. 1, Doc. 69 at 8; that the United States Probation Office would "further investigate [defendant's] criminal

---

[1] USSG § 4B1.1(a) provides that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

-2-

history," *id.* at 7; and that the court "may impose any sentence, up to the statutory maximum," *id.*

In preparing its presentence report, the probation department discovered a New Mexico felony drug conviction, which together with two already-known Colorado felony drug convictions, triggered the operation of the career-offender enhancement provisions of USSG § 4B1.1. Based on this discovery, the presentence report recommended the classification of Saenz as a career offender and a corresponding sentencing range of 188 to 235 months. The government advocated application of the revised calculation.

The proposed increase in sentencing range led to a series of hearings. At the first hearing, Saenz did not formally seek to withdraw his guilty plea, but he asserted that the government should be compelled to comply with the sentencing range stated in the plea agreement. At Saenz's request, his attorney moved to withdraw from the case. The court continued the sentencing proceeding so that the probation department could gather more information about Saenz's criminal history. During a second hearing, the court granted the attorney's motion to withdraw and again continued the proceedings, this time to allow Saenz to obtain replacement counsel. At the final sentencing hearing, Saenz's new attorney asked to withdraw the guilty plea. The court denied the motion and, after allowing for

a downward departure for substantial assistance, sentenced Saenz to 159 months' imprisonment.

Saenz filed a direct appeal. He argued that he should have been permitted to withdraw his plea because the government violated the agreement when it "agreed with the probation department's recommendation that he in fact be sentenced as a career offender." *United States v. Saenz*, 10 Fed. Appx. 701, 707 (10th Cir. May 8, 2001) (unpublished). In evaluating the district court's denial of the motion, this court looked at seven factors, including "'whether the plea was knowing and voluntary'" and "'the quality of the defendant's assistance of counsel.'" *Id.* at 707-08 (quoting *United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000)). [2] This court decided that none of the factors favored allowing withdrawal of the plea and found no abuse of discretion in the district court's denial of the motion. *Id.* at 708. Specifically, we determined that "the plea was knowing and voluntary, in the sense that Mr. Saenz had read and understood its terms and was not coerced into making it." *Id.* With regard to counsel's advice

---

[2]   The remaining factors reviewed by the court were:

"(1) whether the defendant asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; . . . and [(5)] whether the granting of the motion would cause a waste of judicial resources."

*Id.* at 707-08 (quoting *Siedlik*, 231 F.3d at 749).

about a potential sentence, we specifically noted that "although Mr. Saenz asked to have his first attorney released, there is no evidence that he was ineffective in any way." *Id.*

Saenz then filed his § 2255 motion. In a brief order, the district court denied the motion on procedural grounds, without reaching the underlying constitutional claims. The denial was based on a determination that the motion was "another attempt to litigate the same issues that were resolved" in the direct appeal. R., Vol. 2, Doc. 192. This appeal followed. Since Saenz raises only questions of law, we review the district court's order de novo. *United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002).

II.

A defendant may not assert issues in a § 2255 motion which have been considered on direct appeal. *United States v. Warner,* 23 F.3d 287, 291 (10th Cir. 1994).[3] We therefore examine each of Saenz's claims to determine if the district court was correct in deciding that it had been previously resolved. We note, however, that many of Saenz's § 2255 claims rely on allegations of ineffective assistance of counsel. The general rule is that this court addresses ineffective

---

[3] An exception to the rule, not applicable in the instant case, occurs when there has been an intervening change of law. *Warner,* 23 F.3d at 291 (citing *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989)).

assistance of counsel claims in collateral proceedings, not on direct appeal. *United States v. Montoan-Herrera*, 351 F.3d 462, 465 (10th Cir. 2003) (citing *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). Only in "rare instances" does an ineffective assistance of counsel claim "need no further development prior to review on direct appeal." *Galloway*, 56 F.3d at 1240. The "exception to the rule exists when 'the record is sufficient, or where the claim simply does not merit further factual inquiry.'" *Montoan-Herrera*, 351 F.3d at 465 (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)).

Saenz's primary assertion, set out most fully in his first claim, is that he entered into an involuntary guilty plea as the result of (1) misleading statements by the court, the government, and counsel on the severity of the sentence he would receive upon his guilty plea; (2) his inability to use and understand English, coupled with his attorney's lack of Spanish-speaking capability; and (3) ineffective assistance of trial counsel. On direct appeal, the record was sufficient for us to reject Saenz's assertion that he was misinformed or misled about the length of his prospective sentence. The district court correctly ruled that Saenz may not resurrect this theory.

However, additional aspects of Saenz's initial claim are raised for the first time in his § 2255 motion. Saenz claims that his difficulty with the English

language prevented his understanding of the proceedings. He also contends that his counsel was constitutionally ineffective in ways unrelated to the length of the sentence: incorrect guidance on the reversibility of the plea agreement; failure to investigate, research, or discuss the relevant facts and law; and concurrent representation of a co-defendant. None of these issues could have been resolved upon the record compiled on direct appeal. We therefore remand these portions of the first claim, and similar assertions set out in the second and fifth claims, for further development of the record and a dispositive ruling.

Saenz's motion also asserts two interrelated claims for relief that were not addressed on direct appeal, but nevertheless may be decided in this § 2255 appeal without further factual inquiry. In claims three and four, Saenz asks this court to set aside one of the Colorado state convictions which entered into his criminal history calculation or, alternatively, abate his § 2255 action while he collaterally attacks the conviction in state court. A defendant may challenge a previous conviction in a later sentencing proceeding only by showing "a jurisdictional defect resulting from the failure to appoint counsel at all." *Custis v. United States*, 511 U.S. 485, 496 (1994). Other constitutional errors, including "claims of ineffective assistance of counsel" and "failure to assure that a guilty plea was voluntary," are immune from collateral attack in a sentencing proceeding. *Id*.; *see also United States v. Garcia*, 42 F.3d 573, 580-81 (10th Cir. 1994) (discussing

*Custis* ). Saenz's assertion of ineffective assistance of counsel in the state case does not undermine the federal career-offender enhancement. Accordingly, we need not either analyze the course of the state criminal proceeding or abate this action while the state system does so.

III.

To summarize, we affirm the district court's dismissal of Saenz's first and fifth claim to the extent that they rely on allegations of misleading statements and ineffective assistance of counsel related to the length of Saenz's sentence upon entry of the guilty plea. We also affirm the dismissal of his third and fourth claims, which challenge the Colorado state criminal conviction. The remainder of Saenz's first and fifth claims, along with his second claim alleging ineffective assistance of counsel, are remanded for further development of the record and a determination on the merits. [4]

---

[4] In his opening brief, Saenz appealed the dismissal of a sixth claim, which alleged that his trial and appellate counsel were ineffective for failing to challenge the lack of notice of the government's intent to seek the career-offender sentence enhancement. Saenz's reply brief concedes that 21 U.S.C. § 851(a) does not require notice in his situation and asks to withdraw the issue from our consideration. Accordingly, we do not address this issue on appeal.

Saenz has also asserted that he was denied due process by the manner in which the district court adjudicated his motion to vacate. In light of our resolution of his res judicata issues, we need not reach this contention.

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.  Saenz's motion to supplement the record on appeal with exhibits is denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge