F I L E D
United States Court of Appeals
Tenth Circuit

July 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

ABEL SAENZ,

Petitioner-Appellant.

No. 06-1071
(District of Colorado)
(D.C. Nos. 99-CR-317-RPM and
03-CV-980-RPM)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Abel Saenz, a federal prisoner proceeding *pro se*, appeals the district

court's order denying his habeas corpus petition under 28 U.S.C. § 2255.

Because we find that the district court abused its discretion in denying Mr. Saenz

an evidentiary hearing, we reverse and remand.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Saenz pled guilty to conspiracy to distribute or possess with intent to distribute 500 or more grams of cocaine. The plea agreement indicated that, under a tentative computation of Mr. Saenz's criminal history, his Guidelines sentence would be between 46 and 115 months incarceration, and that the career criminal offender adjustment did not apply. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (2002). The agreement specified, however, that it was not conditioned on a particular criminal history category and that the U.S. Probation Office would further investigate this issue. Upon completion of its investigation, the Probation Office discovered an additional felony drug conviction, which triggered the career-offender enhancement and qualified Mr. Saenz for a sentencing range of 188 to 235 months incarceration.

After a series of hearings and continuances, during which Mr. Saenz requested and received new counsel, Mr. Saenz moved to withdraw his guilty plea. The district court denied the motion and sentenced Mr. Saenz to 159 months imprisonment, a term that included a downward departure for substantial assistance.

On direct appeal, this Court affirmed the denial of Mr. Saenz's request to withdraw his plea. *See United States v. Saenz*, 10 F. App'x. 701, 707–08 (10th Cir. May 8, 2001) (unpublished). Mr. Saenz then filed a motion under 28 U.S.C. § 2255 to vacate his sentence. He alleged that his guilty plea was involuntary,

-2-

that his attorney was ineffective, and that a prior state conviction that factored into his criminal history score should be set aside. The district court denied the motion on procedural grounds, finding that Mr. Saenz merely repeated claims he had already raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Mr. Saenz appealed from the district court's order. This Court affirmed the dismissal of Mr. Saenz's challenges to the state convictions and his claims "to the extent that they rely on allegations of misleading statements and ineffective assistance of counsel related to the length of Saenz's sentence upon entry of the guilty plea." *United States v. Saenz*, 97 F. App'x 836, 840 (10th Cir. May 12, 2004) (unpublished). The Court remanded for reconsideration of his claims to the extent they raised issues that were not dealt with on direct appeal—namely, that Mr. Saenz's difficulty with the English language prevented his understanding of the proceedings against him, and that his counsel was constitutionally ineffective in ways unrelated to the length of sentence. *Id.* at 839. We directed the district court to allow "further development of the record" and to make a "determination on the merits" of Mr. Saenz's claims. *Id.* at 840.

On remand, the district court entered an order directing Mr. Saenz to file all exhibits, affidavits, and other factual support for his claims by September 20, 2004. On August 30, 2004, Mr. Saenz filed a motion for an emergency restraining order, asserting that he could not comply with the court's order because he had

been denied access to his records. Mr. Saenz also filed a motion for extension of time to comply. On September 7, 2004, he filed a motion for appointment of counsel and a motion for leave to conduct discovery. On September 21, 2004, he filed a memorandum of law that set out additional facts and points of law to support his claim of ineffective assistance of counsel. On October 4, 2004, the court appointed counsel to represent Mr. Saenz.

On August 5, 2005, Mr. Saenz submitted a letter to the district court expressing dissatisfaction with his appointed counsel. On August 24, 2005, Mr. Saenz's counsel filed a motion for an evidentiary hearing, which the court scheduled for November 8, 2005. On that date, Mr. Saenz was brought to the court to testify. At the hearing, he stated that he had not had enough time to consult with his counsel, that he disagreed with counsel on how best to proceed, and that he did not have in his possession necessary papers because he had sent them to his family. Upon Mr. Saenz's insistence, the court ordered a continuance. In its order, the court stated that "the hearing is continued and will be rescheduled for a teleconference hearing when arrangements can be made and the Court's calendar permits." Appellant's App. Ex. J. at 2.[1]

---

[1] The order also explained that "[t]he Court informed Mr. Saenz that he had been brought to the court for the purpose of an evidentiary hearing and that if a continuance is to be granted, the hearing would then be conducted by video conference and he would not be returned to the court." *Id.* at 1–2.

The district court later decided, however, not to conduct the hearing. Instead, on January 26, 2006, the court issued an order denying Mr. Saenz's remanded § 2255 claims. The court explained that Mr. Saenz's protestations at the November 8, 2005, hearing had "frustrated the effort to comply with the Mandate to determine whether there is any basis for relief from the judgment and sentence," and that "[r]ather than again scheduling a hearing," the court had decided to review all "papers that have been filed in this matter . . . to determine whether Abel Saenz has set forth any factual basis to support the generalized contentions he has made that he did not have effective assistance of counsel." R. Vol. I, Doc. 239, at 3. The court concluded that he had not. First, the court found that Mr. Saenz did not claim factual innocence. Instead, "[a]ll of his contentions relate to the fact that because of his prior record of criminal convictions, his initially expected sentence . . . was not an option . . . ." *Id.* Second, the court found that the allegations concerning attorney conflict of interest all related to effective assistance at trial, and since a different attorney represented Mr. Saenz at sentencing, these concerns were "irrelevant." *Id.* Third, the district court found that this Court had previously affirmed Mr. Saenz's sentence and "denied his contentions that the plea was not knowing and voluntary." *Id.* at 4. Last, the court noted that "[d]espite having had ample opportunity to submit support for these vague claims of ineffective assistance of counsel and despite the full opportunity to proceed with the evidentiary hearing,

Mr. Saenz simply has refused to proceed in this matter with providing any support for his claims." *Id.*

Mr. Saenz sought from this Court a certificate of appealability ("COA"), *see* 28 U.S.C. § 2253(c)(1)(B), arguing that the district court's failure to reschedule the evidentiary hearing denied him the ability to present evidence on the remanded claims. We granted the COA and directed the government to file an answer brief. The government complied, and Mr. Saenz has submitted two filings in response to the government's brief.

## DISCUSSION

Mr. Saenz contends that the district court abused its discretion in refusing to hold the continued evidentiary hearing and that it wrongly decided the merits of his constitutional claims. Because we find that the district court abused its discretion in denying the evidentiary hearing, we need not reach the merits of Mr. Saenz's claims.

When a prisoner files a petition under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the district court "shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255. When a district court refuses to grant an evidentiary hearing and denies a § 2255 petition, our review proceeds in two steps. First we ask "whether the petitioner's allegations, if proved, would entitle him to relief." *United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985). If so, we determine whether the

denial of the evidentiary hearing constituted an abuse of discretion. *Id.*; *United States v. Nichols,* 169 F.3d 1255, 1263 (10th Cir. 1999); *see Schiro v. Landrigan*, 127 S. Ct. 1933, 1939-40 (2007) (reaffirming abuse of discretion standard for review of the district court's decision not to grant an evidentiary hearing).

Mr. Saenz alleges that he entered into an involuntary guilty plea as a result of (1) his inability to understand the English language, (2) ineffective assistance of counsel due to incorrect guidance on the reversibility of the plea agreement, (3) ineffective assistance of counsel due to failure to investigate, and (4) ineffective assistance of counsel due to conflict of interest. Although his allegations remain vague, if Mr. Saenz could establish facts showing that his plea was involuntary for one of the reasons listed above, he would indeed be entitled to relief. *See Cervantes v. Cox*, 350 F.2d 855, 855 (10th Cir. 1965) ("[W]e have no doubt that under extreme circumstances the inability of an accused to communicate with his counsel may deny to him the right to effective representation and actually result in the entry of a plea without understanding . . . .")[2]; *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice

---

[2] The government argues that this Court's finding on direct appeal that Mr. Saenz "read and understood" his plea agreement bars his claim that he had trouble communicating with counsel. *See Saenz*, 10 F. App'x at 708. Given that our order of May 12, 2004, characterized this claim as one that had not been raised on direct appeal, we are not free to conclude that the panel on direct appeal passed on this issue.

of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *id.* at 59 (noting that a defendant who pleaded guilty could "allege[] . . . a failure to investigate or discover potentially exculpatory evidence"); *Hammon v. Ward*, 466 F.3d 919, 929–30 & n.11 (10th Cir. 2006) (noting that active representation of conflicting interests constitutes a denial of the right to effective assistance of counsel).

We turn, then, to the question of whether the district court abused its discretion in denying Mr. Saenz an evidentiary hearing. The answer turns on whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The district court did not make such a finding in dismissing this case on the merits. Instead, the court noted that "the inability to proceed with [the evidentiary] hearing because of the defendant's insistence upon a continuance has frustrated the effort to comply with the Mandate to determine whether there is any basis for relief from the judgment and sentence." R. Doc. 239 at 3.

The district court's frustration with Mr. Saenz is understandable. In our remand order of May 12, 2004, we called for "further development of the record and a determination on the merits" of Mr. Saenz's constitutional claims. 97 F. App'x at 840. The district court went to pains to give Mr. Saenz the opportunity to develop the record. Initially, the court afforded him several months to submit

factual support for his claim. After Mr. Saenz protested that prison officials were inhibiting his ability to comply with that deadline, the court appointed counsel to represent him and scheduled an evidentiary hearing. That hearing began on November 8, 2005. From the time of remand, then, Mr. Saenz had almost eighteen months to put his case before the district court, both through submissions to the court and through live testimony at an evidentiary hearing with the assistance of appointed counsel. Yet when Mr. Saenz finally appeared before the court, he was still not prepared to present his case. He no longer alleged that prison officials were the cause of his unpreparedness. Instead, he claimed that (1) he had insufficient time to consult with his counsel; (2) he disagreed with his counsel about his intended testimony; and, (3) he did not have relevant paperwork with him because he had sent it to his family in advance of the hearing (even though, by his own admission, his family was present at the hearing and could have brought the evidence). *See* Appellant's Br. 7; Appellee's Br., Attach. 3, at 3–5.

In light of all this, it would not have constituted an abuse of discretion for the court to have denied a continuance on November 8. The court could have taken whatever evidence Mr. Saenz was prepared to present and decided the case based on that record. Instead of proceeding with the hearing, however, the court responded to Mr. Saenz's protests by granting a continuance and agreeing to proceed via videoconference at a later date. At this point, Mr. Saenz had no

reason to believe he faced a now-or-never scenario—the court promised him a further opportunity to present witness testimony. In our prior order, we stated that "[n]one of the[] issues [Mr. Saenz raises] could have been resolved upon the record compiled on direct appeal." *Saenz*, 97 F. App'x at 839. Because the state of the record remains virtually unchanged since the time of that order, we still cannot conclude that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Accordingly, we **Reverse** the order of the district court and **Remand** with instructions to grant Mr. Saenz one more opportunity to present his evidence at an evidentiary hearing, even if by video conference. For his part, Mr. Saenz should be prepared to present his case. If he is not, the district court will be justified in deciding the merits of his claims based on whatever record exists at that point. We reiterate that Mr. Saenz is limited to the issues identified in this Court's order and judgment of May 12, 2004—namely, that Mr. Saenz's difficulty with the English language prevented his understanding of the proceedings against him, and that his counsel was constitutionally ineffective in ways unrelated to the length of sentence. All other pending motions are denied.

Entered for the Court,

Michael W. McConnell
Circuit Judge