NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3436-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

FLORIBERT B. NAVA,

 Defendant-Appellant.
__________________________

 Submitted May 17, 2017 – Decided July 20, 2017

 Before Judges Fuentes and Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County,
 Indictment No. 13-07-0690.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Monique Moyse, Designated
 Counsel, on the brief).

 Robert L. Taylor, Cape May County Prosecutor,
 attorney for respondent (Gretchen A.
 Pickering, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM

 Defendant appeals from the order of the Criminal Part denying

her post-conviction relief (PCR) petition. We affirm.
 On February 27, 2014, defendant Floribert Nava pleaded guilty

pursuant to a negotiated agreement to first degree carjacking,

N.J.S.A. 2C:15-2. At the plea hearing, defendant admitted she

entered a young woman's car, brandished what turned out to be a

toy handgun, and forced the victim to drive her to Philadelphia.

Defendant also admitted that she threatened the victim by telling

her that she would harm the victim's family. Although not a part

of the plea hearing, it is not disputed that defendant forced the

victim to drive for nearly ninety minutes. Defendant's goal was

to retrieve the victim's child. This harrowing ordeal came to an

abrupt end when the victim intentionally drove the car into a

marked police vehicle. Defendant was apprehended near the Benjamin

Franklin Bridge.

 As a part of the plea agreement, the State agreed to recommend

that the court sentence defendant to a term of twelve years with

an eighty-five percent period of parole ineligibility and five

years of parole supervision as required under the No Early Release

Act (NERA), N.J.S.A. 2C:43-7.2. On March 27, 2014, the court

sentenced defendant consistent with the terms of the plea

agreement.

 Defendant appealed the sentence under the summary process

authorized by Rule 2:9-11. In an order dated October 1, 2014,

this court remanded the matter and directed the sentencing judge

 2 A-3436-15T4
to provide more detailed reasons for the imposition of the sentence

and to make specific findings in support of the applicable

aggravating and mitigating factors in N.J.S.A. 2C:44-1. State v.

Floribert Nava, No. A-4552-13 (App. Div. Oct. 1, 2014). On

December 5, 2014, the trial court followed our instructions and

again sentenced defendant to a term of twelve years subject to

NERA.

 On April 27, 2015, defendant filed a pro se PCR petition

alleging ineffective assistance of counsel. Defendant claimed

 her assigned counsel coerced her into entering
 a guilty plea by misrepresenting her potential
 sentencing exposure if she proceeded to trial
 in the case (telling her "100 years"); and
 failed to explain to her the strengths and
 weaknesses of the prosecution's case, as well
 as failing to make an informed decision
 because defense counsel never attempted to
 interview the purported victim in the case[.]

 The trial court assigned counsel to represent defendant in

prosecuting the PCR petition. PCR counsel filed a brief in support

of defendant's petition. The matter came for oral argument before

Judge Donna M. Taylor on February 9, 2016. After considering the

arguments of counsel, Judge Taylor issued a memorandum of opinion

denying defendant's petition on February 26, 2016. As a threshold

issue, Judge Taylor concluded that an evidentiary hearing was not

necessary because the material facts pertaining to defendant's

allegations in support of PCR were not disputed.

 3 A-3436-15T4
 After reviewing the record of defendant's plea hearing, Judge

Taylor found defendant was fully apprised of her rights and

knowingly waived those rights. Defendant also acknowledged that

her attorney had answered all of her questions to her satisfaction,

she had sufficient time to discuss her case with the attorney, and

she was satisfied with the advice the attorney had provided her.

With respect to her penal exposure, Judge Taylor found both defense

counsel and the trial judge addressed defendant directly and

explained to her in detail the potential sentence she could receive

if she was convicted of the five charges reflected in the

indictment.1 Under these circumstances, Judge Taylor found that

defense counsel's alleged warning to defendant that she was facing

100 years of imprisonment was a legally sound assessment of

defendant's potential penal exposure.

 Judge Taylor also rejected defendant's claim that defense

counsel failed to review with her the strengths and weaknesses of

the State's case. The record of the plea hearing shows that

defendant acknowledged she had given a voluntary statement to law

enforcement investigators admitting her culpability. Defendant

1
 In addition to the first degree carjacking charge that she
pleaded guilty to, defendant was indicted for first degree
kidnapping, N.J.S.A. 2C:13-1b(2); second degree luring or enticing
a child, N.J.S.A. 2C:13-6; third degree terroristic threats,
N.J.S.A. 2C:12-3a; and fourth degree possession of a weapon for
an unlawful purpose, N.J.S.A. 2C:39-4c.

 4 A-3436-15T4
was found inside the car owned by the victim "with a bag containing

duct tape and a mask." The police found a weapon inside the car.

Thus, Judge Taylor characterized the evidence against defendant

as "substantial." Under these circumstances, Judge Taylor

rejected as not credible defendant's claim that she did not make

a knowing and fully informed decision to plead guilty.

 At the PCR oral argument, defendant was provided with a

certified court interpreter. At one point, defendant told Judge

Taylor that she was having difficulty understanding "the legal

things that are being said." That prompted the following colloquy:

 THE COURT: Okay. I understand that. I just
 want to make sure that the words that we're
 saying, the interpreter is interpreting them
 so that you can at least hear the words.

 DEFENDANT: Okay.

 THE COURT: Okay. Have you had any problems?
 I know you don't understand the legal
 terminology, but you've been able to
 understand the words that are being
 interpreted from English to Spanish?

 DEFENDANT: The last time I couldn't.

 THE COURT: No. I'm talking about now.

 DEFENDANT: Yeah.

 . . . .

 PCR COUNSEL: I would just add, Your Honor,
 that although she didn't assert that she would
 have definitely went to trial in the brief,
 it's her position that she couldn't make that

 5 A-3436-15T4
 decision due to not understanding her
 interpreter at that time throughout the whole
 criminal process. She didn't understand her
 discovery review with her attorney. And it
 seems like that. So without understanding
 that voice, she doesn't know whether or not
 she would have went to trial.

 THE COURT: Okay. And is that argument based
 on when the defense counsel met her at the
 jail to review the investigation and her plea
 forms?

 PCR COUNSEL: Yes, Your Honor.

 THE COURT: Okay. And it's just limited to
 that time frame.

 PCR COUNSEL: Well, any and all times counsel
 met with her with the translator.

 THE COURT: The translator that her attorney
 used?

 PCR COUNSEL: Yes.

 In addressing this argument, Judge Taylor acknowledged and

reaffirmed what this court has long made clear: "It is a self-

evident proposition that a defendant who is unable to speak and

understand English has a right to have his trial proceedings

translated so as to permit him to participate effectively in his

own defense." State v. Guzman, 313 N.J. Super. 363, 377 (App.

Div.) (quoting State v. Kounelis, 258 N.J. Super. 420, 427 (App.

Div.), certif. denied, 133 N.J. 429 (1992)), certif. denied, 156

N.J. 424 (1998). Citing State v. Perez, Judge Taylor also

recognized that "the language barrier between a defendant and

 6 A-3436-15T4
trial counsel raises the question of whether defendant received

adequate assistance of counsel." State v. Perez, 100 N.J. Super.

427, 430 (App. Div.), certif. denied, 52 N.J. 160 (1968).

 Judge Taylor ultimately rejected defendant's argument because

the record shows defense counsel brought a Spanish language

interpreter when he met with defendant. Other than her bald

assertion in the PCR hearing, defendant neither presented evidence

explaining how her "dialect2 was different [from the translator's],

nor provide[d] information on the level of distinction." More

importantly, Judge Taylor found defendant had not claimed she

would have rejected the State's plea offer and stood for trial if

she had fully understood her attorney.

 To prove ineffective assistance of trial counsel, a defendant

must satisfy Strickland's two-part test by demonstrating: (1)

"counsel's performance was deficient[,]" i.e., "that counsel made

errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment[;]" and (2) "there

2
 A dialect is defined as "a regional variety of language
distinguished by features of vocabulary, grammar, and
pronunciation from other regional varieties and constituting
together with them a single language." Dialect, Merriam-
Webster.com, https://www.merriam-webster.com/dictionary/dialect
(last visited July 7, 2017). At the plea hearing, defendant stated
she was born in Acapulco, a city in the State of Guerrero, Mexico.
No linguistic evidence has been presented to characterize the
Spanish spoken in Mexico as a dialect.

 7 A-3436-15T4
is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052,

2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); accord State v.

Fritz, 105 N.J. 42, 58 (1987). Applying this standard to the

evidence defendant presented, Judge Taylor concluded defendant had

failed to establish that defense counsel's representation fell

below the standards of professional competence expected from an

attorney in this State. Even if she had satisfied the first prong

of Strickland/Fritz, defendant did not prove she would have

rejected the State's plea offer and risked exposing herself to a

likely far longer term of incarceration by going to trial.

 Against this record, defendant now appeals raising the

following argument:

 POINT I

 MS. NAVA IS ENTITLED TO AN EVIDENTIARY HEARING
 ON HER CLAIM THAT HER ATTORNEY RENDERED
 INEFFECTIVE ASSISTANCE OF COUNSEL.

 We reject this argument and affirm substantially for the

reasons expressed by Judge Taylor in her memorandum of opinion

dated February 26, 2016.

 Affirmed.

 8 A-3436-15T4